UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-054-DCR-1 |
| ) | |
| V. ) | |
| ) | |
| RAYMOND AMBROSE, JR., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 8, 2013, Defendant Raymond Ambrose, Jr., pleaded guilty to conspiracy to distribute heroin (Count 1) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 851. [Record No. 106] Thereafter, Ambrose was sentenced to a 34-month term of imprisonment, followed by a six-year term of supervised release.[1] [Record No. 138] Ambrose recently filed a *pro se* motion requesting a reduction of his sentence. [Record No. 139] Through this motion, Ambrose requests that the Court reduce the term of his supervised release and "modify and/or implicate the 2-point reduction to the drug table in the United States Sentencing Guidelines." *Id.* The Court will infer from this language that Ambrose seeks a reduction

---

[1] The Federal Bureau of Prison's inmate locator service indicates that Ambrose is currently managed through a residential reentry management office located in Nashville, Tennessee, with an expected release date of January 4, 2016. (See www.bop.gov/inmateloc/ last visited September 21, 2015.) The return address of his recent mailing identifies his current residence as Dismas Charities, 909 Georgetown Street, Lexington, Kentucky 40511. Thus, granting the motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) would result in Ambrose being released from the residential reentry program approximately two months earlier that the defendant's currently scheduled release date.

based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

The factual basis supporting Ambrose's guilty plea is outlined in paragraph 3 of his written Plea Agreement, which provides:

> (a) On January 2, 2013, Winchester police officers utilized a confidential informant (C/I) to make a controlled purchase of heroin from the Defendant and co-defendant Ashley Nicole Hatton in Clark County, in the Eastern District of Kentucky. The C/I placed a recorded phone call to co-defendant Hatton on Lexington Avenue in Winchester and they traveled together to the Defendant's residence on Lindberg Avenue in Winchester. The C/I gave the buy money to Hatton, who then entered into the Defendant's residence on Lindberg Avenue in Winchester to obtain the quantity of heroin from the Defendant. Hatton returned to the vehicle and gave the heroin to the C/I. The suspected heroin was sent to the KSP lab for testing, and was determined to be approximately 60 milligrams of diacetylmorphine (heroin).
>
> (b) On January 7, 2013, the C/I placed a recorded phone call to the co-defendant Hatton to purchase $90.00 worth of heroin. The C/I met with Hatton on Country Club Drive in Winchester, and they traveled together to the Defendant's residence on Lindberg Avenue in Winchester. The C/I gave the buy money to Hatton, who then entered into the Defendant's residence to obtain the quantity of heroin from him. Hatton returned to the vehicle and gave the heroin to the C/I. The suspected heroin was sent to the KSP lab for testing and was determined to be approximately 120 milligrams of diacetylmorphine (heroin).
>
> (c) On January 14, 2013, the C/I placed a recorded phone call to co-defendant Jason Hazelrigg in order to purchase $60.00 worth of heroin. The C/I met with co-defendant Hazelrigg at the residence of the Defendant on Lindberg Avenue. The transaction was video and audio recorded. The suspected heroin was sent to the KSP lab for testing, and was determined to be approximately 213 milligrams of diacetylmorphine (heroin).
>
> (d) On January 23, 2013, two C/I's were utilized for a controlled purchase of heroin from the Defendant. One C/I placed a recorded call to the Defendant for the purchase of $60.00 worth of heroin. Both C/I's traveled to the Defendant's residence for the purchase. One C/I entered the Defendant's residence on Lindberg Avenue and purchased the heroin directly from the Defendant. The transaction was audio recorded. The suspected heroin was sent to the KSP lab for testing, and was determined to be approximately 284 milligrams of diacetylmorphine (heroin).

>(e)  On January 26, 2013, the C/I placed a recorded call to the Defendant for the purchase of $40.00 worth of heroin. The C/I traveled to the Defendant's residence on Lindberg Avenue for the transaction and purchased the heroin directly from the Defendant. The transaction was audio recorded. The suspected heroin was sent to the KSP lab for testing and was determined to be approximately 77 milligrams of diacetylmorphine (heroin).
>
>(f)  On February 4, 2013, the C/I placed a recorded call to the Defendant for the purchase of $60.00 worth of heroin. The C/I traveled to the Defendant's residence on Lindberg Avene for the transaction and purchased the heroin directly from the Defendant. The transaction was audio recorded. The suspected heroin was sent to the KSP lab for testing and was determined to be approximately 302 milligrams of diacetylmorphine (heroin).

[Record No. 135]

The first issue presented by Ambrose's motion is whether a sentence reduction is warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553. In addressing this question, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes of Ambrose. After again considering these and other sentencing factors, the Court concludes that a reduced term of imprisonment is not warranted. The motion, therefore, will be denied.

Ambrose's sentencing range under the United States Sentencing Guidelines was 30 to 37 months of incarceration. The Court determined that 34 months of imprisonment was the minimum term which would be sufficient, but not greater than necessary, to satisfy the statutory goals outlined in 18 U.S.C. § 3553(a). As discussed during the sentencing hearing, trafficking in heroin is a very serious offense. Under the facts presented, a reduced sentence would unduly diminish the seriousness of Ambrose's criminal conduct.

Additionally, Ambrose's has an extensive criminal history (Criminal History Category VI) which presents a danger to the public and a significant likelihood that he will reoffend when released. Further, the defendant's admitted history of drug addiction also presents a danger to the public and an increased likelihood of recividism. Thus, a thirty-four month term of imprisonment is needed to protect the public and provide necessary deterrence regarding future offenses.

The Court has also considered the high costs of incarceration but finds that the expenses that would be saved by reducing the defendant's sentence (i.e., releasing Ambrose from two months of housing at a residential reentry program) do not outweigh the other sentencing factors outlined above. In summary, after again reviewing the relevant § 3553 factors and Ambrose's post-sentencing conduct, the Court concludes that a minimum term of 34 months is necessary and appropriate under the circumstances.

Next, the Court notes that Ambrose's six-year term of supervised release was imposed pursuant to 21 U.S.C. § 841(b)(1)(C) which has not been amended or modified. This statutory section provides that a sentencing Court shall "impose a term of supervised release of at least 6 years" for violations of 21 U.S.C. § 841(a) with respect to persons who have "a prior conviction for a felony drug offense." Ambrose's was convicted in Arizona of at least two felony drug charges before he engaged in the drug conspiracy which is the subject of his current federal conviction. [PSR, pp. 7-8] Therefore, his request that his term of supervision be reduced will also be denied. Accordingly, it is hereby

**ORDERED** that Defendant Raymond Ambrose, Jr.'s Motion for Modification of Sentence Under 2-Point Reduction [Record No. 139] is **DENIED**.

-5-

This 21st day of September, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge