UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:13-cr-00054-DCR-EBA-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| v. | **RECOMMENDED DISPOSITION** |
| RAYMOND AMBROSE, JR., | DEFENDANT. |

This matter is before the undersigned on Defendant Raymond Ambrose, Jr.'s Motion to Vacate pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. [R. 199]. Having considered these matters fully, being otherwise sufficiently advised, and finding the allegations found in Defendant's Motion to Vacate to have no merit, the undersigned will recommend Defendant's Motion be denied.

**STANDARD OF REVIEW**

To prevail on an ineffective assistance of counsel claim under title 28 U.S.C. § 2255, the petitioner must prove both that his counsel's performance was deficient and that as a result he suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To establish prejudice requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694–95. Notably, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

**DISCUSSION**

On July 8, 2013, Defendant pleaded guilty in the United States District Court to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 851. [R. 106]. On January 15, 2014, he was sentenced to 34 months imprisonment to be followed by six (6) years supervised release and a special assessment of $100.00. [R. 138]. One condition of supervised release required that he not commit another federal, state, or local crime. *Id.* at 3. However, he violated this condition of supervision by committing two state crimes. On May 5, 2017, he pleaded guilty to: (1) receiving stolen property under $500.00, and (2) criminal attempt to commit third degree burglary in Fayette County District Court. [R. 199-2]. The Fayette County District Court sentenced him to 120 days in jail. *Id.* As a result, these state offenses put him in violation of his federal supervision and, on August 31, 2017, his supervision was revoked, and he was sentenced to 21 months imprisonment to be followed by four (4) years supervised release. [R. 188, 191].

On January 4, 2018, Ambrose filed a Motion to Request Modification of Sentence pursuant to Federal Rule of Criminal Procedure 32.1. [R. 192]. On January 9, 2018, the Court denied his Motion [R. 192] finding that since he was asking the Court to alter the Judgment entered over four months earlier, the Court "is without the jurisdiction to entertain the relief requested." [R. 193, at 1-2]. To support its decision to deny Defendant's Motion [R. 192], the Court found:

> Prior to the Sentencing Reform Act of 1984, district judges could alter and/or reduce sentences within 120 days of the final appellate decision. The 1984 Act converted the federal system to one of determinate sentences, with district courts losing continuing authority to modify a sentence once it is imposed. *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). This rule is subject to two general exceptions.

[R. 193, at 2]. "The first exception is contained in Rule 35 of the Federal Rules of Criminal Procedure which allows a district court to fix an arithmetical, technical, or other clear error within fourteen days." *Id.* (citing Fed. R. Crim. P. 35(a)). "Rule 35 also extends jurisdiction to the district

2

court to address a prosecutor's motion to reduce a sentence for substantial assistance in the investigation and/or prosecution of others." [R. 193, at 2 (citing Fed. R. Crim. P. 35(b))]. The second exception is found in 18 U.S.C. § 3582(c)(2) and "allows a district court to lower a previously-imposed term of incarceration when the United States Sentencing Commission makes a retroactive reduction to a relevant guideline range." [R. 193, at 2]. The Court found neither of the general exceptions applied to Defendant's case. *Id.*

On March 2, 2018, citing title 18 U.S.C. §§ 3584, 3585, and U.S.S.G. § 5G1.3, Defendant filed a Motion for a Modified Sentence asking the Court to restructure his sentence so that he might receive credit on his federal sentence for time served in state custody after he pleaded guilty in state court. [R. 198, at 1 (citing [R. 197])]. Again, the Court explained, "[T]he Court may not modify a term of imprisonment once it has been imposed except in limited circumstances." [R. 198, at 1-2 (citing 18 U.S.C. § 3582(c))]. Denying Defendant's Motion [R. 197], the Court found that 18 U.S.C. §§ 3584, 3585, and U.S.S.G. § 5G1.3, do not provide the Court with jurisdiction to alter the Amended Judgment in his case. [R. 198, at 2].

On or about July 2, 2018, Ambrose filed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 199] insisting his counsel's alleged failure to move for a modification of his sentence within 120 days resulted in Defendant being time barred from moving to modify his sentence. *Id.*

However, Defendant is mistaken regarding the Court's previous two Orders concerning modification of his sentence for violating the conditions of his supervised release. While the Court stated, "Prior to the Sentencing Reform Act of 1984, district judges could alter and/or reduce sentences within 120 days of the final appellate decision," this was not the applicable rule for the modification he sought in this case. [R. 193, at 2]. Instead, the Court was merely stating what the rule used to be before stating the current rule, which is as follows: "The 1984 Act converted the

federal system to one of determinate sentences, with district courts losing continuing authority to modify a sentence once it is imposed." *Id.* (citing *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011)); *see also* [R. 198, at 1-2 (citing 18 U.S.C. § 3582(c))]. The Court did not deny Defendant's motions to modify his sentence [R. 192; R. 197] because Defendant failed to file a motion within 120 days, as the Defendant believes. Instead, the Court denied Defendant's Motions [R. 192; R. 197] because the Court may only modify a sentence under limited circumstances, and those circumstances, as discussed previously herein, do not apply to the present case. [R. 193, at 1-2; R. 198, at 2 (citing 18 U.S.C. § 3582(c))]. Therefore, Defendant has not shown either deficient performance by counsel or that he was prejudiced by his counsel's performance. Even if Defendant's counsel had moved to modify his sentence within 120 days, the result would not have been different. *Strickland*, 466 U.S. at 694-95.

Moreover, Defendant's argument "[t]hat 120 days should have been applied to [his] federal time since [he] was on federal hold before [he] was even found guilty of [his state charges] and was held by feds" is meritless. [R. 199, at 5]. "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." *Thomas v. Whalen,* 962 F.2d 358, 360 (4th Cir. 1992). "'Unlike a writ of habeas corpus *ad prosequendum* issued by a federal district court . . . a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison.'" *Id.* at 360-61 (citing *United States v. Mauro,* 436 U.S. 340, 358 (1978) (footnote omitted); *United States v. Bamman,* 737 F.2d 413, 415 (4th Cir.1984), *cert. denied,* 469 U.S. 1110 (1985); H.R. Rep. No. 1018, S. Rep. No. 1356, 91st Cong., 2d Sess., pt. 3 (1970) ("A detainer is a notification filed with the institution in which a prisoner is serving a sentence advising that he is wanted to face pending criminal charges in another

jurisdiction."), *reprinted in* 1970 U.S. Code Cong. & Admin. News, pp. 4864, 4865). Since Defendant was in state custody, the Arrest Warrant [R. 184] issued by this Court functioned as a detainer against Defendant. Therefore, while Defendant had a federal detainer against him, the detainer did not transform his state custody into federal custody. *Thomas,* 962 F.2d at 360-61.

Regarding whether Defendant can be given credit toward his federal sentence for the time he spent incarcerated in primary state custody, 18 U.S.C. § 3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In sum, "18 U.S.C. Section 3585(b) bars awarding any credit toward a federal sentence for the time he spent incarcerated in primary state custody, if that time was credited to the state sentence." *Ruff,* 2016 WL 1452375, at *7 (citing *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x. 112, 114 (6th Cir. 2003); *Ramirez v. Withers*, No. 6:13-43 (DCR), 2013 WL 2903278, at *4 (E.D. Ky. June 13, 2013); *Wallace v. D.L. Stine*, No. 08-287-GFVT, 2009 WL 2026385, at *13 (E.D. Ky. July 9, 2009)). Furthermore, "under § 3585(b), it is the Attorney General, not the sentencing court, who has authority to calculate and apply credit for time served." *Ruff,* 2016 WL 1452375, at *4.

Here, since Defendant's time in custody has been "credited against another sentence," specifically his state sentence, Defendant is barred from receiving the prior custody credits toward his federal sentence under 18 U.S.C. § 3585(b). *See Baker v. Stine,* No. 6:07-40-DCR, 2007 WL 1875659, at *5 (E.D. Ky. June 28, 2007). To credit Defendant's federal sentence with time he

5

already received credit for on his state sentence would result in improper double credit. *High v. Stine,* No. 6:06-258-DCR, 2007 WL 38377, at *5 (E.D. Ky. Jan 5, 2007) (citing *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993); *Huffman v. Perez,* 230 F.3d 1358, 1359 (6th Cir. 2000) (Table, unpublished); *Broadwater,* 59 F. App'x. at 113-14) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence . . . . If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit.") (citations omitted)). Even if Defendant's counsel would have moved to have the 120 days Defendant served for his state sentence credited toward his federal sentence, the outcome would have been the same because Defendant's federal sentence could not be credited with time that was already credited against his state sentence. Therefore, Defendant cannot show his counsel was deficient or that he was in some way prejudiced by his counsel's performance. *Strickland*, 466 U.S. at 694-95.

## **RECOMMENDATION**

For the reasons outlined above, it is RECOMMENDED that Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 199] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed this 17th day of July, 2018.

