UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal Action No. 5: 13-054-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 18-434-DCR |
| V. | ) | |
| | ) | |
| RAYMOND AMBROSE, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Movant/Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Movant/Defendant Raymond Ambrose, Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 199] The motion was referred to United States Magistrate Judge Edward B. Atkins for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Atkins issued a Recommended Disposition on July 17, 2018, recommending that the motion be denied. [Record No. 201] Ambrose has not filed any objections to the Magistrate Judge's report.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record and has conducted a *de novo* review of the matter.

Ambrose pleaded guilty on July 8, 2013, to conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 851. [Record No. 106] He was sentenced to a 34-month term of imprisonment, followed by a six-year term of supervised release. [Record No. 138] During his term of supervised release, Ambrose was arrested by the Lexington Police Department and charged with receiving stolen property under $500 and third-degree burglary. [*See* Supervised Release Violation Report.] The United States Probation Office submitted a report on May 2, 2017, alleging that this constituted a violation of the condition of Ambrose's supervision requiring that he "not commit another federal, state or local crime." [*Id.*; Record No. 138, p. 3] The Court issued a warrant for Ambrose's arrest that same day. [Record No. 184]

Ambrose pleaded guilty in state court on May 5, 2017, to receiving stolen property under $500 and criminal attempt to commit third-degree burglary. [Record No. 199-2] He was sentenced to a combined 120-day term of imprisonment. [*Id.*] On August 31, 2017, after the term of imprisonment imposed by the state court was completed, this Court held a hearing regarding Ambrose's supervised release violation. [Record No. 188] Ambrose stipulated to the violation, and his original term of supervised release was revoked. [*Id.*] The Court then entered an Amended Judgment, imposing a 21-month term of imprisonment be followed by a four-year term of supervised release. [Record No. 191]

Ambrose filed a motion to modify his sentence under Rule 32.1 of the Federal Rules of Criminal Procedure on January 4, 2018. [Record No. 192] He argued, in part, that his sentence should be modified to a term of six to eight months in a halfway house due to various medical conditions. [*Id.* at 4] He also argued that he was entitled to jail time credit for the 120 months he spent in state custody because a federal detainer had prevented him from seeking bond. [*Id.*

at 3-4] The Court denied the motion, finding that because Ambrose was not on supervised release, and was not seeking to modify the terms of his supervised release, Rule 32.1 of the Federal Rules of Criminal Procedure was inapplicable. [Record No. 193, p. 2] The Court further explained that, to the extent Ambrose was seeking to alter the term of imprisonment imposed by the Amended Judgment, the Court was without jurisdiction to grant his request. [*See id.* at 2-3 (discussing 18 U.S.C. § 3582(c)(2)).]

Ambrose then filed a second motion for a sentence reduction. This time, he cited 18 U.S.C. § 3585, 18 U.S.C. § 3584, and U.S.S.G. § 5G1.3. [Record No. 197] The Court denied the motion, again explaining that the Court "may not modify a term of imprisonment once it has been imposed except in limited circumstances" not presented in this case. [Record No. 198]

Ambrose then filed his § 2255 motion alleging ineffective assistance of counsel. [Record No. 199] Ambrose believes that his previous motions were denied because they were not filed with 120 days of the Amended Judgment being entered. [*See id.*] And he contends that the motions would have been filed within 120 days if his attorney had responded to his e-mails seeking her assistance in filing the motions. [*See id.*; Record No. 199-1.]

However, the premise underlying Ambrose's argument is incorrect. As the Magistrate Judge accurately stated:

> [t]he Court did not deny Defendant's motions to modify his sentence because Defendant failed to file a motion within 120 days, as the Defendant believes. Instead, the Court denied Defendant's Motions because the Court may only modify a sentence under limited circumstances, and those circumstances . . . do not apply to the present case.

[Record No. 201, p. 4 (citations omitted).] Because the Court's prior Orders did not rely on the fact that Ambrose's motions were not filed within 120 days of the Amended Judgment, the

Magistrate Judge correctly determined that Ambrose "has not shown either deficient performance by counsel or that he was prejudiced by his counsel's performance. Even if [his] counsel had moved to modify his sentence within 120 days, the result would not have been different." [*Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 694-95 (1984).]

The Magistrate Judge went further, explaining that Ambrose's motions for collateral relief lack merit. Ambrose's § 2255 motion relies primarily on his assertion that the 120 days he spent in state custody should be credited against the 21-month term of imprisonment imposed for his supervised release violation, rather than his previous claim that his sentence should be modified to a reduced term in a halfway house due to various medical conditions. [*Compare* Record No. 199, *with* Record Nos. 192, 197.] This claim fails for three basic reasons.

First, the award of jail time credit is governed by 18 U.S.C. § 3585(b). But "a district court does not have jurisdiction to apply credit against a sentence under section 3585(b). Rather, the Attorney General, through the Bureau of Prisons, is to make that determination." *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). "Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the District Court." *Id.* Where, as here, a prisoner fails to exhaust his administrative remedies, the Court is without jurisdiction to award jail time credit.

Second, even if Ambrose's request was properly before the Court, 18 U.S.C. § 3585(b) only authorizes the award of credit for time "spent in official detention *prior to the date the sentence commences*." (emphasis added). Ambrose appears to believe that the 21-month term of imprisonment imposed on August 31, 2017, in fact "commenced" on May 2, 2017, when a

federal detainer prevented him from "bonding out" on his state charges. [Record No. 199] He is incorrect. A sentence "commences" when the defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The fact that a federal detainer may have prevented Ambrose from "bonding out" before that time is irrelevant. As the Magistrate Judge explained, "[a] detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law. . . . Therefore, while Defendant had a federal detainer against him, the detainer did not transform his state custody into federal custody." [Record No. 201, pp. 4-5 (citing *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992).]

Third, jail time credit is only available for time in custody that "*has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). The time Ambrose spent in state custody was credited against his 120-day sentence for receiving stolen property under $500 and criminal attempt to commit third-degree burglary. [*See* Record No. 199-2.] As a result, Ambrose cannot receive federal credit for that period of incarceration. Again, as the Magistrate Judge explained, "[t]o credit [Ambrose's] federal sentence with time he already received credit for on his state sentence would result in improper double credit." [Record No. 201, pp. 5-6] Accordingly, the Magistrate Judge correctly determined that,

> [e]ven if Defendant's counsel would have moved to have the 120 days Defendant served for his state sentence credited toward his federal sentence, the outcome would have been the same because Defendant's federal sentence could not be credited with time that was already credited against his state sentence. Therefore, Defendant cannot show his counsel was deficient or that he was in someway prejudiced by his counsel's performance.

[*Id.* (citing *Strickland*, 466 U.S. at 694-95).]

Because Ambrose has not shown that his counsel's performance was deficient or that he was prejudiced by his counsel's performance, his § 2255 motion will be denied. And because reasonable jurists would not debate the denial of Ambrose's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further, a Certificate of Appealability will not be issued. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 201] is **ADOPTED** and **INCORPORATED** by reference.

2. Movant/Defendant Raymond Ambrose, Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 199] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability is **DENIED**.

4. A Judgment in favor of the United States shall issue this date.

Dated: August 3, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge